*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *FEDERAL NATIONAL MORTGAGE* | ) | |
| *ASSOCIATION,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | *No. 2:19-cv-00065-JAW* |
| | ) | |
| *RICHARD P. ANDRY* | ) | |
| *and LINDA A. BALL,* | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

*MEMORANDUM DECISION AND ORDER ON MOTION TO SERVE DEFENDANT*
*LINDA A. BALL BY ALTERNATIVE METHOD*

The plaintiff in this mortgage foreclosure action, Federal National Mortgage Association

("FNMA"), seeks to serve defendant Linda A. Ball by leaving a copy of the summons and

complaint at the subject property and/or by publication. *See* Motion to Serve Defendant, Linda A.

Ball, by Alternative Method ("Motion") (ECF No. 22). Because I conclude that FNMA has left

avenues unexhausted and has failed to supply the requisite proposed order, I deny the Motion.

**I. Applicable Legal Standard**

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering

a copy of the summons and the complaint to the individual personally, leaving a copy at the

individual's dwelling or usual place of abode with someone of suitable age and discretion who

resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive

service of process[.]" *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL

3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished

"by following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule (4)(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, it stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.*

## II. Background

On February 8, 2019, FNMA filed a complaint seeking to foreclose on a property located at 67 Bradstreet Lane in Eliot, Maine (the "Property") for alleged breach of a mortgage and note owned by FNMA. Complaint (ECF No. 1) ¶¶ 27-36. FNMA requested that the York County Sheriff's Office serve Ms. Ball at the Property; however, on February 22, 2019, FNMA received

a Diligent Search Invoice from Deputy Titcomb of the York County Sheriff's Office reporting that he had not made contact with Ms. Ball and that she had not returned any of his phone calls. Affidavit in Support of Motion to Serve Defendant, Linda A. Ball, by Alternative Method ("Affidavit") (ECF No. 22-1), attached to Motion, ¶¶ 3-4. Deputy Titcomb added that he had spoken to Ms. Ball's neighbor, who reported that Ms. Ball was staying with a friend "'due to surgery.'" *Id*. ¶ 5. That day, FNMA attempted to reach Ms. Ball and her co-defendant, Richard P. Andry, by telephone, but discovered that "all phone numbers provided on their Risk reports were disconnected." *Id*. ¶ 6.

On March 5, 2019, FNMA again requested that the York County Sheriff's Office serve Ms. Ball at the Property. *Id*. ¶ 7. On March 18, 2019, FNMA received an Affidavit of Non-Service from Deputy Titcomb reporting that he had attempted service on March 7, 8, and 11, 2019, but was unsuccessful because "the Property is currently vacant." *Id*. ¶¶ 8-9. That day, FNMA sent a letter to Ms. Ball at the Property's address providing its counsel's contact information and requesting a date and time convenient for Ms. Ball to accept service. *Id*. ¶ 10.

On April 10, 2019, Ms. Ball and Mr. Andry entered into a Loan Modification Trial Plan, and foreclosure proceedings were halted. *Id*. ¶ 11. However, on June 19, 2019, FNMA instructed its counsel to move forward with the foreclosure process. *Id*. ¶ 12. A "new Risk search was completed" that did not reveal any new addresses for Ms. Ball. *Id*. On June 20, 2019, FNMA again requested that the York County Sheriff's Office serve Ms. Ball at the Property address. *Id*. ¶ 13. On July 3, 2019, FNMA received a phone call from the York County Sheriff's Office reporting that neighbors had confirmed that Ms. Ball no longer lived at the Property address. *Id*. ¶ 14.

On July 5, 2019, FNMA retained a private investigator to attempt to locate Ms. Ball. *Id.* ¶ 15. On September 20, 2019, the private investigator reported that he or she had been unable to locate a new address for Ms. Ball but had been able to trace her to a possible family home in Portsmouth, New Hampshire. *Id.* ¶¶ 16-17. On October 1, 2019, FNMA dispatched Nationwide Court Services to attempt to serve Ms. Ball at the family home in New Hampshire. *Id.* ¶ 17. However, on October 16, 2019, Nationwide Court Services reported that the New Hampshire home belonged to an individual who did not know Ms. Ball. *Id.* ¶ 18.

### III. Discussion

On the showing made, I conclude that FNMA has not demonstrated that "service cannot with due diligence be made by another prescribed method[,]" Me. R. Civ. P. 4(g)(1), and, accordingly, deny its request to serve Ms. Ball by leaving copies of the summons and complaint at the Property or by publication.

Mindful that service by publication is a last resort, to be deployed when "it is not reasonably possible or practicable to give more adequate warning[,]" *Gaeth*, 2009 ME 9, ¶ 24, 964 A.2d at 628, this court has denied motions for service by publication on the basis of an insufficient showing of due diligence when a moving party failed to show that it had taken "even simple steps . . . such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator" and had failed to specify "what 'internet searches' it undertook or what 'acquaintances' it contacted and when." *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 WL 1320944, at *2 (D. Me. March 28, 2014); *see also MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 162 (D. Me. 2009) (motion denied when "[a] number of avenues [did] not appear to have been exhausted[,]" such as contacting utility companies and querying whether any forwarding address had been left with the Postal Service); *Chase v. Merson*, No. 2:18-

cv-00165-NT, 2018 U.S. Dist. LEXIS 144109, at *12-14 (D. Me. Aug. 24, 2018) (motion denied when "leads were left unexplored" in movant's attempts to serve defendant at property; for example, movant made only three visits to a property over a span of six days, made "no additional attempts . . . to confirm" that the property was the defendant's residence and serve process upon him, and did not hire a private investigator).

By contrast, this court has granted motions for service by publication when, for example, a movant made contact with a neighbor who stated that he had not seen the defendant at the property for four or five years, searched databases operated by the State of Maine Police and the Bureau of Motor Vehicles without success, and retained the services of a private investigator who eventually "concluded that she had exhausted all means of locating" the defendant. *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Pinette*, 2:19-cv-00147-LEW, 2019 WL 5225446, at *1-2 (D. Me. Oct. 16, 2019).

FNMA has taken a number of steps to locate Ms. Ball, including arranging for multiple visits to the Property by the York County Sheriff's Office, contacting neighbors, and engaging a private investigator who followed up on a possible lead in New Hampshire. *See* Affidavit ¶¶ 5, 9, 14-17. However, FNMA glosses over an important avenue that it did not adequately explore: the April 10, 2019, Loan Modification Trial Plan. *See id.* ¶ 11. FNMA does not explain how it was able to negotiate the Loan Modification Trial Plan with Ms. Ball without obtaining her contact information.

In addition, FNMA has left other research avenues unexplored. It appears to have undertaken minimal online research – it does not state that it conducted even a simple Google search of Ms. Ball's name – and it mentions a "Risk search[,]" *id.* ¶ 12, without explaining what

that entails. It has not sought a forwarding address from the Post Office, contacted utility companies, or searched police databases, probate records, or any other online databases.

While there are no "ironclad prerequisites in an immutable list of steps to be undertaken[,]" *MATSCO*, 597 F. Supp. 2d at 162, FNMA has not made a sufficient showing of due diligence in attempting to locate Ms. Ball to warrant the grant of its motion. Beyond that, FNMA has failed to provide a draft order as required by Maine Rule of Civil Procedure 4(g).

## IV. Conclusion

For the foregoing reasons, the Motion is **DENIED** without prejudice**.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 26th day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge