## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 2:19-cv-00065-JAW** |
| Plaintiff | **JUDGMENT OF FORECLOSURE AND SALE** |
| vs. | RE:<br>67 Bradstreet Lane, Eliot, ME 03903 |
| **Richard P. Andry and Linda A. Ball** | Mortgage:<br>January 26, 2005<br>Book 14364, Page 906<br>York County Registry of Deeds |
| Defendants | |
| **River Run Co., Inc.**<br>**Maine Revenue Services** | **NON-OWNER OCCUPIED** |
| Party-In-Interest | |

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on September 7, 2022. Plaintiff, Federal National Mortgage Association, was present and represented by Reneau J. Longoria, Esq. Party-In-Interest, Maine Revenue Services was present and represented by Assistant Attorney General, Kaitlyn M. Husar, Esq. Defendants, Richard P. Andry and Linda A. Ball, did not appear. Party-In-Interest, River Run Co., Inc. did not appear.

This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Federal National Mortgage Association, is a government-sponsored enterprise chartered by Congress with its principal place of business, in the District of Columbia, at 1100 15th Street, NW, Washington, DC 20005. The Defendants, Richard P. Andry and Linda A. Ball, resided in the State of Maine at the time the subject loan was made. Defendant, Linda A. Ball, still resides in the State of Maine and Defendant, Richard P. Andry currently resides in the State of Arizona, and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED.  Count II - Breach of Note, Count III - Breach of Contract, Money Had and Received, Count IV - Quantum Meruit, and Count V - Unjust Enrichment are hereby **DISMISSED** without prejudice at the request of the Plaintiff. **JUDGMENT** on Count I - Foreclosure and Sale is hereby **ENTERED** based on the Defendants' breach of Note and Mortgage as follows:

1. If the Defendants or their heirs or assigns pay Federal National Mortgage Association ("Fannie Mae") the amount adjudged due and owing ($266,625.81) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, Fannie Mae shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket.  The following is a breakdown of the amount due and owing:

   | Description | Amount |
   | --- | --- |
   | Principal Balance | $152,592.44 |
   | Interest | $45,925.66 |
   | Corporate Advance Balance | $14,234.91 |
   | Escrow Advance Balance | $28,741.63 |
   | Streamline Mods | $25,131.17 |
   | Grand Total | $266,625.81 |

2. If the Defendants or their heirs or assigns do not pay Fannie Mae the amount adjudged due and owing ($266,625.81) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the Eliot Property shall terminate, and Fannie Mae shall conduct a public sale of the Eliot Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $266,625.81 after deducting the expenses of the sale, with any surplus to be disbursed pursuant to Paragraph 6 of this Judgment, and in accordance with 14 M.R.S.A. § 6324.  Fannie Mae may not seek a deficiency judgment against the

Defendants pursuant to the Plaintiff's waiver of deficiency.

3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession, Fannie Mae may seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5. The Defendants have breached the terms of the Note and Mortgage, and the amount due and owing is $266,625.81.

6. The priority of interests is as follows:

    ● Federal National Mortgage Association has first priority, in the amount of $266,625.81, pursuant to the subject Note and Mortgage.

    ● River Run Co., Inc. who has been defaulted, has the second and third priority behind the Plaintiff pursuant to a Writ of Execution, dated June 11, 2008, in the amount of $2,976.26, and recorded in the York County Registry of Deeds in Book 15439, Page 209, and pursuant to a Writ of Execution, dated June 11, 2008, in the amount of $2,976.26, and recorded in the York County Registry of Deeds in Book 15439, Page 210.

    ● Maine Revenue Services has the fourth, fifth and sixth priority behind the Plaintiff pursuant to a Notice of State Tax Lien, dated September 22, 2015, in the amount of $2,775.71, and recorded in the York County Registry of Deeds in Book 17105, Page 1; pursuant to a Notice of State Tax Lien, dated December 9, 2016, in the amount of $4,854.69, and recorded in the York County Registry of Deeds in Book 17385,

Page 397; and pursuant to a Notice of State Tax Lien, dated March 1, 2018, and recorded in the York County Registry of Deeds in the amount of $2,613.52, and recorded in the York County Registry of Deeds in Book 17672, Page 602.

- ● Richard P. Andry and Linda A. Ball have the seventh priority behind the Plaintiff

7. The prejudgment interest rate is 2.00000%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is .15%, *see* 28 U.S.C. § 1961.

8. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | Federal National Mortgage Association<br>Mailing address:<br>14221 Dallas Parkway, Suite 1000<br>Dallas, TX 75254 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT |  |  |
|  | Richard P. Andry<br>1782 Morgan Place<br>Show Low, AZ 85901 | Pro Se |
|  | Linda A. Ball<br>49 Sandalwood Circle<br>Kittery, ME 03904 | Pro Se |
| PARTIES-IN-INTEREST |  |  |
|  | Maine Revenue Services<br>Assistant Attorney General<br>6 State House Station<br>Augusta, ME 04333 | Kaitlyn M. Husar, Esq.<br>Assistant Attorney General<br>6 State House Station<br>Augusta, ME 04333 |
|  | River Run Co., Inc.<br>1 River Run Drive,<br>U.S. Highway 302<br>Bartlett, NH 03812 | Pro Se |

a) The docket number of this case is No. 2:19-cv-00065-JAW.

b) All parties to these proceedings received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 67 Bradstreet Lane, Eliot, ME 03903, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 67 Bradstreet Lane, Eliot, ME 03903. The Mortgage was executed by the Defendants, Richard P. Andry and Linda A. Ball on January 26, 2005. The book and page number of the Mortgage in the York County Registry of Deeds is Book 14364, Page 906.

e) This judgment shall not create any personal liability on the part of the Defendants but shall act solely as an *in rem* judgment against the property, 67 Bradstreet Lane, Eliot, ME 03903.

f) The period to Appeal this Judgment is thirty (30) days as set forth in Fed. R. App. P. 4(a)(1)(A).

**SO ORDERED**

**Dated this 7th day of September, 2022**         /s/ John A. Woodcock, Jr.
                                                    JOHN A. WOODCOCK, JR.
                                                    UNITED STATES DISTRICT JUDGE